### MARIAN SAMPSELL, ADMR. v. JAMES A. SAMPSELL.

EXECUTOR MAY BE GARNISHED ON ACCOUNT OF DEBT OF A LEGATEE.

    Where it is reasonably certain that the condition of an estate is such that a bequest will be paid, an administrator, or executor, may be garnisheed by a creditor of a distributee or legatee, who will, upon settlement of the decedents estate, be entitled to receive some part of the funds in the hands of such executor or administrator.

MARVIN, J.

This is a proceeding in error brought in this court seeking to reverse the judgment of the court of common pleas.

The facts in the case are, that Marian Sampsell is the administrator of the estate of Ira E. Sampsell, deceased. That Catharine Sampsell and Rebecca C. Miller are administrators with the will annexed of the estate of Abraham S. Sampsell, deceased. The plaintiff in error was the plaintiff in the court of common pleas. She filed her petition claiming a judgment against the defendant on a contract made between her intestate and the defendant. The defendant is a non-resident of Ohio. The plaintiff filed her affidavit sufficient in form, and did all things necessary to entitle her to have garnishee process issued against Miller and Sampsell as administrators of the estate of Abraham S. Sampsell, deceased, and such process was issued against these administrators. To the order issued in such process Catharine Sampsell, as one of the administrators

of the estate of Abraham S. Sampsell, deceased, made answer, stating that Abraham S. Sampsell died testate; that his will was admitted to probate; a copy of such will is attached to her answer, and made part of it; that letters of administration with the will annexed were issued to herself and Rebecca C. Miller upon the estate of said deceased; that the debts payable out of the estate, including costs of administration, funeral expenses, and widow's allowance, are unknown, but estimated at $900.00; that the value of the personal property is not known, but estimated at $3,000.00; that the value of the real estate, exclusive of certain real estate named in the answer, and which is specifically devised in the will, is estimated at $300.00; that Catharine Sampsell the widow of A. S. Sampsell, deceased, is now living, and is about eighty years of age. No account of administration has been filed, and no order of distribution of said estate has been made by the probate court. These garnishees have been sued as such in a case in said common pleas court by the same plaintiff against Homer A. Sampsell.

The will of Abraham S. Sampsell, deceased, so attached to, and made a part of, the answer of the garnishee, among its items, has, as the second item, this:

" I give, devise and bequeath to my beloved wife in lieu of her dower all my property, both personal and real or mixed, remaining after the payment of my debts, to use during her natural life or so long as she remain my widow."

There is no evidence anywhere in the case as to whether the widow elected to accept the provisions of this will or not. In our view of the case, however, the result would not be different whether she elected to take under the will or not.

The eighth provision of the will is:

" I give to my son James A. Sampsell $900.00, and to my son Homer A. Sampsell $800.00.

By a previous item in the will the testator bequeathed to a grandson the sum of $250.00, and there is a provision also that after the payment of debts and the legacies named, the balance of the property shall be divided equally among four of his children named, including James A. Sampsell, the defendant in this action, and Homer A. Sampsell.

From the answer of the garnishee in connection with the will, it appears that the administrators of the estate of Abraham S. Sampsell have money in their hands in their said trust capacity, which will, at the expiration of the widowhood of the widow of said Abraham, whether such widowhood be determined by death or by marriage, be payable to the defendant. And though there may be a possible doubt as to the amount so to be paid, it is reasonably certain that the condition of the estate, in the hands of these administrators, is such that the entire bequest to James Sampsell of $900.00 will be paid.

Upon the filing of the answer of the garnishee a motion was filed to dissolve the attachment and discharge the garnishee, and such motion was, by order of the court of common pleas sustained. The present proceeding is brought seeking to reverse such order.

The facts being as has been stated, the question presented, is, can this bequest to James A. Sampsell be subjected by garnishee process to the payment of any judgment which the plaintiff may recover in this action.

It is urged in support of the order of the court of common pleas that, attachment being a statutory proceeding unknown to the common

law, the remedy thereunder must be pursued strictly. That the proceeding is *in rem* in a case like the present where personal service is not made upon the defendant, so that judgment is good only in so far as it can be satisfied out of the property taken. That the jurisdiction of the court extends only to property which has been attached, and authorities are cited in support of each of these propositions. There is no claim, however, in this case, that the proceedings have not, on the part of plaintiff, been in all respects regular and in conformity with the letter of the statute. Section 553 of the Rev. Stat. prescribes in what cases, and against whom, the order of garnishment may be issued, and that section reads:

"When the plaintiff, his agent or attorney, makes oath, in writing, that he has good reason to believe, and does believe, that any person, partnership, or corporation in the affidavit named, has property of the defendant in his possession,"—and I emphasize this a little, to show that although the legislature were quite particular to name "person," and then an artificial person, and a partnership, it forgot it when it got to the last pronoun and said in *his* possession, instead of *his* or *its*— " describing the same, if the officer cannot get possession of such property, he shall leave with such garnishee a copy of the order of attachment," etc.

It will be noticed that the order of garnishment may be issued against any person, partnership, or corporation, who has property of the defendant in his possession. Section 5538 provides that:

" An order of attachment shall bind the property attached from the time of service; and the garnishee shall stand liable to the plaintiff in attachment for all property of the defendant in his hands, and money and credits due from him to the defendant, from the time he is served with the written notice mentioned in section fifty-five hundred and thirty."

The word "due," as used in this section, clearly means "owing." The language of the section, as will be noticed, is, "money and credits due from him to the defendant," but that it means simply owing from him to the defendant is clear, and has been adjudicated in Ohio. See Ohio Auxiliary Fire Alarm Co. v. William Heisley, Trustee, found in the 4 Circ. Dec., 691; and Newark (City) v. Funk & Bro., 15 Ohio St., 462. The court, in the last case named, say: "It must be a subsisting claim, due or to become due." That is, it must be something which is owing. We find no direct adjudication by the supreme court of this state upon the question of whether an administrator or executor may be garnisheed by a creditor of a distributee or a legatee, who will, upon settlement of the decedent's estate, be entitled to receive some part of the funds in the hands of such executor or administrator.

In the case of Bently & Sons v. C. P. Strathers, found in the 5 Weekly Law Bulletin, at page 288, it is said by the district court of Trumbull county:

"The plaintiff undertook to garnishee money due the defendant from an administrator before an order of distribution was made.

"This cannot be done, as there is no indebtedness between the administrator and the defendant (who was an heir) until after the order of distribution is made."

No report of the case is made, and nothing is said about it except as above quoted. Whether the court would have made any distinction

between the heir of an intestate and a legatee under a will does not appear.

Quite a good many authorities, to which we have given attention, seem to make a distinction between the garnisheeing of an administrator for some debt due from a distributee after the order of distribution is made and a like garnisheeing before such distribution is ordered. It seems a little difficult to understand why such distinction is made, for the order of distribution in this state is simply an order that the administrator pay the balance in his hands to the parties entitled by law to pay the same, without determining who the parties are to whom payment is to be made.

In the case of Flora Arbaugh v. Joseph Myers, found in the 8 Dec. Re., 617, the court of common pleas of Pickaway county held, that money in the hands of a guardian might be attached for the debt of his ward. This, though not an authority binding on this court, seems to us to be well supported in the reported opinion, and the reasoning surely applies with as much force to a case like the one before us, as to the case then being considered by the court. By sec. 5520, as already seen, the process may be issued against any person, corporation or partnership having property of the defendant in his possession. Under similar statutes it has very generally, perhaps universally, being held that public officers, such as sheriffs, clerks of courts, and the like, could not be held as garnishees, and many similar holdings have been made in reference to executors and administrators, and apparently the reason in reference to the latter is the same as in reference to the former. There is a very full discussion of the subject in Drake on Attachments, at page 21. In Brooks v. Cook, 8 Mass., 246, it is said by the supreme court of that state, that no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be charged as garnishee in respect of any money or property held by him in virtue of that authority. To the same effect are Barnes v. Treat, 7 Mass., 273; Wentworth v. Whittemore, 1 Mass., 472, and other decisions by the same court. At section 477, of Drake on Attachments, it is said that the same considerations which forbid garnishment of executors, administrators and guardians, require that all ministerial officers having official possession of property or money, should be exempt from that proceeding. The proposition, in substance, is that where money or property is held by one under the orders or authority of a court whose orders with reference to the disposition of such money or other property the one so holding it is under obligation to obey, it would be an unwarranted interference to allow another court to make an order as to the disposition of the same property. Drake, at sec. 245, states the proposition that property in the custody of the law cannot be attached, and gives the reasons for the proposition, using this language:

"To allow the course of legal proceedings to be interfered with in such a manner, would of necessity, greatly protract litigation and produce continual conflict of jurisdiction."

Our legislature, however, by the enactment of sec. 5531 of the Rev. Stat., has declared that these reasons are not sufficient, but that sheriffs, coroners, clerks, constables, master commissioners, marshals of municipal corporations, and other officers, shall be subjects of garnishment. The section reads:

9   O C D   33

"The service of process of garnishment upon the sheriff, coroner, clerk, constable, master commissioner, marshal of a municipal corporation, or other officer having in his possession any money, claim, or other property of the defendant, or in which the defendant has an interest, shall bind the same from the time of such service, and shall be a legal excuse to such officers to the extent of the demand of the plaintiff, for not paying such money or delivering such claim or property to the defendant, as by law, or the terms of the process in his hands, he would otherwise be bound to do."

It is difficult to understand, as is well said in Arbaugh v. Myers, *supra*, why, since all persons, corporations, partnerships, and officers, are proper subjects for the service of this writ, there should be held to be an exception as to executors and administrators. The language of sec. 5530 is broad enough to include them, and although it is probable that they would not be held to be so included in that section, we are of the opinion that they are included in sec. 5531. Certainly they come, as it seems to us, within the spirit and reason of that section. It may be urged that the section should be interpreted as though it read, after the enumeration of the several officers, "or other like officers." And this is doubtless correct. But "like" in what respect? In many respects there is great dissimilarity between the duties of the officers especially named in the section. But they are similar in the one respect, to-wit, that of having money, claims, or other property in which another party has an interest. And in this respect it would seem that an executor having an estate in his hands, out of which, under an order of court, which must some day be made, there will be money to be paid to a legatee, may well be said to be "like" those specifically named in the section. Surely such legatee has an interest in the property in the executor's hands, and no greater inconvenience can come to the executor, by making him the subject of garnishment on account of a debt due from such legatee, than must come from a sheriff, clerk of courts, special master commissioner, or other ministerial officer, in making him the subject of this process.

In the case of Shewell v. Keen, 2 Whart., 332, the supreme court of Pennsylvania, in discussing the question of whether a foreign attachment would lie for a legacy, used this language:

"An executor or administrator is, to a certain extent, an officer of the law, clothed with a trust to be performed under prescribed regulations."

And again in the same opinion this language is used:

"The case of an executor or administrator is analagous to that of a sheriff or prothonotary. He has funds in his hands as an officer or trustee authorized by law."

Attention has already been called to the decisions of the Supreme Court of Massachusetts to the effect moneys in the hands of one deriving his authority from the law, and obliged to execute it according to the rules of law, cannot be charged as garnishee. After those decisions were made, however, a statute of that state was enacted—Rev. Stat., chap. 109, sec. 301, providing that any debt or legacy due from an executor or administrator, and any other goods, effects, or credits in the hands of an administrator or executor, may be attached by the trustee process. Under this statute it has been held in Cady v. Comey, 10 Metcalf, 459, that a legacy could be attached, although there was not money in the hands of the executor to pay it, but that process should be stayed until real estate could be sold to raise the money, and the creditor in the

attachment proceeding required to give an undertaking to refund, if necessary to pay other demands. In Hoar v. Marshall, 10 Metcalf, 251, under the same statute, it is held, that an executor is chargeable, in a trustee process, for the amount of the legacy in his hands at the time of service. In the case of Holbrook v. Waters, 19 Pickering, 354, it is held that a legacy can be attached before an order of distribution is made.

In Wheeler v. Bowen, 20 Pickering, 563, this language is used: "The interest of an heir in an estate in the hands of an administrator is liable to be attached before the order of distribution is made, even when it is uncertain whether there will be anything to distribute; the case being continued to give opportunity for the settlement of the estate."

It will be noticed that the statute under which this decision was made does not provide that the portion of a distributee of the estate of the decedent may be the subject of garnishment, but that any debt or legacy due from an administrator, and any other goods, effects or credits in the hands of an administrator or executor, may be attached by the trustee process. The provision then is, that a debt due from an administrator may be attached, and that a legacy may be attached, and that any other effects or credits in the hands of an administrator may be attached. But the Supreme Court of Massachusetts say, that the distributive portion to which one may be entitled out of an estate may also be attached, and that before any order of distribution.

On page 504 this language is used in the opinion :

"The object of the statute giving this remedy against executors and administrators is very obvious, it being designed to carry out more perfectly the means of enforcing the principle, that all the property of the debtor shall be made subject to legal process for the payment of his debts. Previous to the enactment of this statute, executors and administrators could not be summoned as trustees ; and the effects and credits of others in their hands were beyond the reach of the attaching creditor. To remedy this evil the statute was passed, and it will be our duty to give such effect to it, so far as the provisions of it will admit, as will secure this object."

Assuming that our Supreme Court, without sec. 5531, would hold, as seems to have been holding in most of the states, that a distributive portion in the hands of an administrator, or a legacy in the hands of an executor could not be attached, for the reasons hereinbefore stated, the reasons being the same as those given why such funds in the hands of a sheriff, clerk of court, coroner, constable, and the like, cannot be so taken, does it follow that in giving a construction to sec. 5531 it would be held that it does not include executors and administrators, who are ministerial officers, and who, as the Supreme Court of Pennsylvania has said, in the case to which attention has already been called, have duties which are analagous to those of the prothonotary or the sheriff? Exactly the same reasons exist for including executors and administrators as exists for the including of the other officers named in the statute, and the same reasons which would make it troublesome and involve difficulties if it be held that executors and administrators may be held to answer as garnishees, exist as to the requiring sheriffs, coroners, clerks and the like, to be held to answer as garnishees. The case of Woodworth v. The State, 26 Ohio St., 196, is instructive on the proper meaning to be given to the words "or other officers." In addition to authorities already cited, attention is called to the following : Stratton v. Ham, 8 Indiana,

84: Palmer v. Noyes, 45 N. H.. 174; Fenton v. Fisher, 106 Pa. St., 418; Simonds v. Harris, 92 Indiana, 505 ; The City of Newark v. L. S. Funk et al,, 15 Ohio St., 462.

Entertaining these views, we hold that there was error on the part of the court of common pleas in sustaining the motion to dismiss the attachment and release the garnishees, and for these reasons the judgment of the court of common pleas is reversed, and the cause remanded to that court for such further proceedings as are provided by law.

The same reasoning applies to No. 16, the case of Marian Sampsell v. Homer A. Sampsell, and for these reasons the judgment in that case is reversed and the cause remanded.

*Carey, Boyle & Mullins*, for plaintiff in error.
*W. G. Wells*, for defendant in error.